

NUMBER 13-13-00713-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ARCTURUS CORPORATION,                                          Appellant,

v.

ESPADA OPERATING, LLC,
BENGAL ENERGY, L.P.,
LEE ROY BILLINGTON, RODNEY ROLSTON
AND MITCHELL K. MICHELSON,                                   Appellees.

On appeal from the 329th District Court
of Wharton County, Texas.

# ORDER ABATING APPEAL AND
# REFERRING CASE TO MEDIATION

Before Justices Benavidez, Perkes, and Longoria
Order Per Curiam

Appellant Arcturus Corporation appeals from a final judgment signed July 24, 2013. The final judgment ordered (1) Arcturus Corporation to have and recover from Defendants Espada Operating, LLC and Bengal Energy, L.P., jointly and severally, the sum of $75,000.00 (Seventy Five Thousand Dollars), in actual damages, plus $25,000.00 (Twenty Five Thousand Dollars) in attorney's fees, for a total award of $100,000.00 (One Hundred Thousand Dollars), together with no pre-judgment interest; (2) Arcturus Corporation TAKE NOTHING from Defendants Lee Roy Billington, Mitchell K. Michelson, Rodney Rolston, Texas Oil Leasing Company, and ITEXCO, Inc.; (3) Defendant Rodney Rolston shall have and recover from Plaintiff Arcturus Corporation the sum of $10,000.00 (Ten Thousand Dollars) as reimbursement of reasonable attorney's fees; (4) all sums awarded herein shall bear post-judgment interest at the rate of 5% (Five Percent) per annum from date of judgment until paid; (5) Plaintiff Arcturus Corporation recover from Defendants Espada Operating, LLC and Bengal Energy, L.P., jointly and severally, all costs of court herein expended by said Plaintiff, (except such costs that relate exclusively to Plaintiff's action against a Defendant other than Espada and Bengal, such as the expense of issuing and serving citation on one of the other Defendants) with interest thereon at the rate of 5% (Five Percent) per annum from date of judgment until paid; and (6) Defendants Lee Roy Billington, Mitchell K. Michelson, Rodney Rolston, Texas Oil Leasing Company, and ITEXCO, Inc., recover from Plaintiff Arcutrus Corporation, all costs of court herein expended by each such Defendant, with interest thereon at the rate of 5% (Five Percent) per annum from date of judgment until paid.

On appeal, Arcturus Corporation contends: (1) the trial court erred as a matter of law in finding a valid forbearance agreement existed when appellant did not accept it, it

was illusory, it violates the Statute of Frauds, and it violates the parol evidence rule; (2) the trial court erred as a matter of law in acting without authority in rewriting an unenforceable liquidated damages provision; (3) the trial court erred in not finding individual liability against Michelson, Rolston, Texas Oil Leasing, ITEXCO, and Billington when they conspired to commit torts or induced and aided in breach fiduciary duties; (4) the trial court erred in not finding liability for conversion against Michelson, Rolston, Texas Oil Leasing, ITEXCO, and Billington; (5) the trial court erred in not finding liability for promissory estoppel against Billington and Michelson; (6) the trial court erred in not finding liability for civil theft against Michelson and Billington; (7) the trial court erred in awarding Rolston attorney fees when he is not the prevailing party in a declaratory judgment claim; (8) the trial court erred in not awarding appellant all of its attorney fees; and (9) the trial court erred in not awarding appellant pre-judgment interest.

The Court has determined that this appeal should be referred to mediation. Accordingly, it is ORDERED that this appeal be ABATED and the issues in this appeal be mediated under the following terms and conditions:

1. The parties must promptly agree upon a mediator and, within seven days of this Order, notify the Court in writing of the name and address of the mediator selected. If the parties are unable to agree upon a mediator, they must so notify the Court within the seven day period and the Court will appoint a mediator.

2. All parties must confer with their mediator within seven days of the date of this Order, or in the case of a court appointed mediator, within seven days of the appointment of the mediator, to establish a date and place for the mediation. The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than thirty days after the date of this Order. In the event the parties cannot agree on a date, the mediator shall select and set a date. The mediator shall notify the Court of the date selected for the mediation.

3.      In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues. Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case.   The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding.

4.      All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding.   The mediation shall be for a full day.

5.      Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator.   The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073.   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.053, 154.073 (West, Westlaw through 2013 3d C.S.).

6.      Unless otherwise agreed, the mediation proceeding will not be recorded.

7.      The mediator will negotiate a reasonable fee with the parties.   The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties, and will be paid directly to the mediator.   If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs.   TEX. CIV. PRAC. & REM. CODE ANN. § 154.054 (West, Westlaw through 2013 3d C.S.).

8.      Within two days after the conclusion of the mediation, the mediator shall certify to this Court as follows:   (a) whether the parties appeared as ordered, (b) whether the case settled, and (c) whether the mediation fees were paid in accordance with the court's order or as otherwise agreed by the parties.

9.      If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion with this Court seeking dispositive relief within seven days of the conclusion of the mediation.   If the parties need more time to effectuate the terms of the settlement agreement, they must, within seven days of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion.

It is FURTHER ORDERED that this case is ABATED pending this Court's review of the mediator's report and further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
18th day of February, 2015.